KRISS & FEUERSTEIN LLP
Jerold C. Feuerstein, Esq.
360 Lexington Avenue, Suite 1200
New York, NY 10017
(212) 661-2900

*Attorney for FTBK Investor LLC,*
*As Trustee for NY Brooklyn Investor Trust 5*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 234 8th St. Corp., | Case No. 1:13-42244-cec |
| Debtor. | Hon. Carla E. Craig |
| | United States Bankruptcy Judge |

-----------------------------------------------------------x

### REPLY IN FURTHER SUPPORT OF LENDER'S MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(3)[1]

FTBK Investor LLC, As Trustee for NY Brooklyn Investor Trust 5 ("**Lender**"), by its counsel, Kriss & Feuerstein LLP, hereby submits this Reply in further support of the Lender's Motion (the "**Motion**") filed on July 23, 2013 [docket item 23] for an Order granting relief from the automatic stay, and in response to the Debtor's Certification in Opposition filed on July 26, 2013 [docket item 29] and the Debtor's Supplemental Certification in Opposition to Lender's Motion For Relief From the Automatic Stay filed on July 29, 2013 [docket item 31] (collectively, the "**Opposition**") respectfully states as follows:

### PRELIMINARY STATEMENT

1.    In opposition to the Motion, the Debtor has taken several frantic measures, including filing; (i) Opposition to the Motion which raises several red herring and irrelevant

---

[1] Capitalized terms used herein but not otherwise defined shall have the same meanings given to them as ascribed in the Motion (defined herein).

issues, and (ii) a Chapter 11 Plan of Reorganization ("**Plan**") on July 25, 2013 [docket item 26] and Disclosure Statement ("**Disclosure Statement**") filed on July 25, 2013 [docket item 27].

2. While the Debtor's Opposition sets forth various excuses ranging from (a) the Debtor's appraiser failing to timely provide the Debtor with an appraisal upon which the Debtor could formulate its Plan,[2] and (b) the Debtor inadvertently overlooking that it was required to comply with the dates and deadlines inherent in the Bankruptcy Code by the Deadline, and (c) the Debtor's admitted failure to commence making adequate protection payments as required pursuant to 11 U.S.C. § 362(d)(3), none of which excuses alter the fact that the Lender is entitled to relief from the automatic stay based upon the Debtor's actions (or more appropriately, the Debtor's inactions).

3. Similarly, the Debtor's Opposition baldly asserts and implies that by virtue of the fact that by the Debtor filed a Plan and Disclosure Statement, the Court is in a position to either (i) deny the Motion, or to (ii) fashion relief from the automatic stay in a manner which accords relief to the Debtor. Notwithstanding, the Plan and Disclosure Statement merely parrot what the Debtor has been advising the Lender and the Court for the duration of this case (since April 17, 2013), specifically, that the Debtor merely remains in the process of seeking to refinance or sell the Property to satisfy the Lender's claim. See Disclosure Statement at pg 5, under *Plan Implementation*. No evidence of the Debtor taking any steps to refinance or sell the Property have been discussed or even mentioned. In point of fact, the Debtor's Opposition fails to evidence that the Debtor has taken any measures to either list the Property with any real estate

---

[2] Inexplicably, the Appraisal Report in Restricted Use Format (the "**Appraisal**") supplied by the Debtor was dated March 15, 2013, although the Debtor's Opposition self-servingly alleges without any affidavit from a member of the Debtor that the appraisal was only delivered to the Debtor on July 26, 2013. Notwithstanding, neither the Debtor's Plan nor Disclosure Statement directly rely upon the Appraisal.

agents or include any remote documentation demonstrating that the Debtor has actively sought refinancing.

4.  Accordingly, instead of the Debtor relying upon the substance of the Plan and Disclosure Statement it filed to evidence a reorganization, it is clear that the Debtor merely filed the Plan and Disclosure Statement to establish its tardy compliance with § 362(d)(3).[3] Thus, the Debtor failed to file a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time and the case at bar may be materially distinguished from the Alaska and Tennessee case law cited by the Debtor, leading to the conclusion that there is no basis to fashion relief from the automatic stay in this case.

5.  Notwithstanding, the Debtor's non-compliance with § 362(d)(3) is more apparent in light of the Debtor's filing of the Plan and Disclosure Statement, since the Code requires that a "debtor has filed a plan of reorganization that has <u>a reasonable possibility of being confirmed within a reasonable time</u>." It cannot be denied that that the Debtor's Plan and Disclosure Statement entirely fail to demonstrate to the slightest degree that the Debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time.

6.  Finally, the Debtor's reliance upon Fed. R. Bankr. P. 9006(b) in its Opposition is misguided, as the Federal Rules of Bankruptcy Procedure (the "**Rules**") cannot operate to extend or modify dates and/or deadlines set forth in Title 11 of the United States Code (the "**Code**").

---

[3] 11 U.S.C. § 362(d)(3) captioned *Automatic Stay* provides in pertinent part:

> "[With respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—
> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
> (B) the debtor has commenced monthly payments that—"

See 11 U.S.C. § 362(d)(3).

## ARGUMENT

**I.      The Opposition Raises No Legitimate Defenses to the Motion**

7.      Although the Debtor's Opposition sets forth various excuses including an allegation that the Debtor's appraiser failed to timely provide the Debtor with an appraisal upon which the Debtor could formulate its Plan, it is readily apparent that the alleged failure of the appraiser to supply the appraisal cannot overcome the burden placed upon debtors who exist as single asset real estate within the confines of 11 U.S.C. § 362(d)(3).

8.      In addition, the Debtor's Plan, which merely indicates that it is the Debtor's desire to refinance or liquidate its interest in the Property, reinforces the fact that the Plan could have been filed without the Debtor being in possession of the Appraisal which has now been alleged to be in existence prior to the Debtor's Chapter 11 filing.

9.      Admittedly, the Debtor's Opposition confesses that the Debtor inadvertently overlooked the fact that it was required to comply with the dates and deadlines inherent in the Bankruptcy Code, by which it was required to file a plan and disclosure statement by the Deadline.  See Opposition at ¶ 9 and § 362(d)(3)(a).

10.     Additionally, the Debtor's admitted that it failed to commence making payments as required pursuant to 11 U.S.C. § 362(d)(3).  See Opposition at ¶ 13 and § 362(d)(3)(b).

11.     Notably, any alleged equity that the Debtor may or may not retain in the Property based upon the Debtor's Appraisal is of no consequence to the relief sought pursuant to § 362(d)(3).

12.     Therefore, the Lender is entitled to relief from the automatic stay pursuant to § 362(d)(3) as both elements are satisfied.

**II.     The Debtor's Reliance Upon Fed. R. Bankr. P. 9006(b) Is Misplaced**

13.    As an alternative argument in support of the Court granting the Debtor additional time to comply with the strict requirements under § 362(d)(3), the Debtor's relies upon Fed. R. Bankr. P. 9006(b).

14.    Notwithstanding, the Debtor's reliance upon Fed. R. Bankr. P. 9006(b) is misplaced and the Debtor cannot rely upon a Rule to extend the time proscribed under the Code by 11 U.S.C. §362(d)(3).

15.    To this end, Fed. R. Bankr. P. 9006(b), captioned "Enlargement" provides:

> (1) *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

16.    **Fed. R. Bankr. P. 9006 applies only to extend timing requirements under bankruptcy procedures and not substantive rules**.

17.    "Title 28 U.S.C. § 2075 which implements the Bankruptcy Rules, provides that '[s]uch rules shall not abridge, enlarge or modify any substantive right' Thus, the Bankruptcy Rules cannot override substantive provisions provided in the Bankruptcy Code and 'any conflict between the Bankruptcy Code and the Bankruptcy Rules must be settled in favor of the Code.'" In re Barnes, 308 B.R. 77, 81 (Bankr. D. Colo. 2004).

18.    **Thus, this Court may not utilize Fed. R. Bankr. P. 9006 to extend the 90 day period prescribed by 11 U.S.C. §362(d)(3).**

19.     "It is a basic rule of statutory construction that a statute must be interpreted to mean what it says." In re Barnes, 308 B.R. 77, 79 (Bankr. D. Colo. 2004).  11 USC 362(d)(3) specifically requires that the Debtor obtain an Order extending the time period set forth in that statute, "for cause" by "order entered within that 90-day period."  Simply, after the 90 days has passed, if the Debtor has failed to secure an Order extending the Deadline, the Court is "powerless to enlarge the 90-day deadline."  See, In re: Mc Wade Properties, LLC, United States Bankruptcy Court for the District of Columbia, Case No.  12-00634, a copy of which is annexed hereto as Exhibit "A".

20.     It cannot go unnoticed that the Debtor's Motion lacks any case law or legal support for its request to extend the Deadline and circumvent the statutory requirement that he obtain an Order ***prior to the Deadline***. As Judge Trust held in the case of In re Amagansett Family Farm Inc., "The language of § 362(d)(3) precludes this Court from extending the 90–day deadline. Any order extending the 90–day time period after which the stay 'shall' be lifted must be 'entered within that 90–day period,' which runs from the date of entry of the order for relief. § 362(d)(3)… The Court lacks the statutory authority to now delay the effect of the SARE determination … as there is no "for cause" authorization in the Code to not grant stay relief after …the SARE determination is made for a debtor who fails to meet its § 362(d)(3) obligation. "In re Amagansett Family Farm, Inc., 11-73929-AST, 2011 WL 5079493 (Bankr. E.D.N.Y. Oct. 25, 2011).

21.     Thus, the Debtor's failure to obtain an Order extending the 90 day period prior to the expiration of the Deadline requires that this Court grant the Lender's Motion.

### III.     No Basis To Fashion Relief From the Automatic Stay

22.     Although the Debtor's Opposition baldly asserts and/or implies that by virtue of the fact that by the Debtor filed a Plan and Disclosure Statement, the Court is in a position to either (i) deny the Motion, or to (ii) fashion relief from the automatic stay in a manner which accords relief to the Debtor, the Debtor's reasoning is misguided and the case law cited by the Debtor in support of such request may be materially distinguished from the case at bar.

23.     First, in support of the Opposition serving as a basis to permit this Court to fashion some form of relief to the Debtor, the Opposition relies upon the holding in the unreported decision in <u>In re The Terraces Subdivision LLC</u>, 2000 Bankr. LEXIS 5087 (D. Ala. 2007).

24.     Contrary to the Debtor's allegations contained the Opposition, the decision in <u>Terraces</u>, is materially distinguishable from the facts before the Court in this Case.  First, in <u>Terraces</u>, the court determined that the Debtor (which was also single asset real estate and also subject to the strict requirements of § 362(d)(3)), <u>did file a plan of reorganization within the required time</u> subsequent to the Court granting that debtor's initial motion for an extension of time to file such plan in accordance with § 362(d)(3).

25.     Second, in <u>Terraces</u>, the Court denied that debtor's subsequent motion to further extend the period in which it could file a plan of reorganization as moot, because that court had already made an initial determination that the plan that debtor previously filed (before the expiration of the extension period), "had a reasonable possibility of being confirmed within a reasonable period of time." <u>Id</u>.  Thus, the debtor in that case did file a plan within the required time limit, although that plan was later found to be unconfirmable.

26.     Similarly, in the 1997 case of In re Archway Apartments Limited, 206 B.R. 463 (Bankr. M. D. Tenn. 1997), the court found that although the filing of the debtor's plan was untimely pursuant to § 362(d)(3), the filing of the debtors' plans were not precipitated by the creditor's motion for relief, but preceded its filing by a month. As a result, that court granted the creditor relief from the automatic stay, but conditioned the stay upon a drop dead date for confirmation.

27.     To the contrary, in the case at bar, as indicated by the Debtor's Opposition, the filing of the Lender's Motion clearly precipitated the Debtor's filing of its Plan and Disclosure Statement, and as a result, the Lender should be entitled to relief from the automatic stay.

28.     Quite tellingly, the silence contained in the Plan and Disclosure Statement serve to confirm that the Debtor has unearthed no real prospects of refinancing or selling the Property to satisfy the Lender's claim, as no evidence of the Debtor taking any steps to refinance or sell the Property have been discussed or even mentioned. See Disclosure Statement at pg 5, under *Plan Implementation*. In addition, the Debtor's Opposition fails to evidence that the Debtor has taken any measures to either list the Property with any real estate agents or include any documentation demonstrating that the Debtor has actively sought refinancing.

29.     Accordingly, it is clear that instead of the Debtor relying upon the substance of the Plan and Disclosure Statement it filed to evidence a reorganization, the Debtor merely filed the Plan and Disclosure Statement to establish its tardy compliance with § 362(d)(3).

30.     Therefore, there is no basis to condition relief from the automatic stay.

## **CONCLUSION**

For the foregoing reasons, Lender respectfully request that this Court grant the Lender's Motion in its entirety and grant such other and further relief as this Court deems just and proper.

Dated: August 13, 2013
      New York, New York

                                      KRISS & FEUERSTEIN LLP,
                                      *Attorney for FTBK Investor LLC,*
                                      *As Trustee for NY Brooklyn Investor Trust*

                                      *s/ Jerold C. Feuerstein*
                                      Jerold C. Feuerstein, Esq. (JF9829)
                                      360 Lexington Avenue, Suite 1200
                                      New York, New York 10017
                                      (212) 661-2900