UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:

234 8th St. Corp.,

                            Debtor.

-------------------------------------------------------------x

Chapter 11

Case No. 1: 13-42244-cec

Hon. Carla E. Craig
United States Bankruptcy Judge

**STIPULATION AND ORDER
CONDITIONALLY TERMINATING THE AUTOMATIC STAY
AND PROVIDING FOR DISMISSAL OF THIS CASE WITH PREJUDICE**

234 8th St. Corp. (the "Debtor") in the above-referenced Chapter 11 case, and FTBK Investor LLC, As Trustee for NY Brooklyn Investor Trust 5 (the "Lender" and together with the Debtor, the "Parties"), hereby enter into this Stipulation and Order (the "Stipulation"), on consent, and pursuant to the guidelines set forth at the hearing on the Lender's Motion for Relief from the Automatic Stay (the "Hearing") herein below for the purposes of: (i) conditionally terminating the automatic stay, and (ii) providing for the dismissal of this case with prejudice, subject to the approval of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). In connection with this Stipulation, the Parties respectfully state as follows:

WHEREAS, on April 17, 2013 (the "Petition Date"), the Debtor commenced a voluntary case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), which indicated that the Debtor is Single Asset Real Estate as defined in 11 U.S.C. § 101(51B);

WHEREAS, the Debtor failed to: (i) commence making payments to the Lender, (ii) file a plan of reorganization within ninety (90) days from the Petition Date, or (iii)

secure an Order extending the time to comply with the requirements of 11 U.S.C. § 362(d)(3) by Tuesday, July 16, 2013;

WHEREAS, on July 23, 2013, the Lender moved this Court for relief from the automatic stay (the "Motion") [docket item 23];

WHEREAS, on July 25, 2013, the Debtor filed a Chapter 11 Plan [docket item 26] and Disclosure Statement [docket item 27];

WHEREAS, on July 26, 2013, the Debtor filed Opposition to the Motion [docket item 29], and thereafter a Supplemental Affirmation in Opposition [docket item 31] (collectively, the "Opposition");

WHEREAS, on August 13, 2013, the Lender filed a Reply in Further Support of the Motion (the "Reply") [docket item 39];

WHEREAS, on August 14, 2013, a hearing on the Motion was held, and at which hearing, the Lender, the Debtor and the Office of the United States Trustee ("UST") appeared and consensually agreed upon terms which will serve to (i) conditionally terminate the automatic stay and (ii) provide a mechanism for dismissing this case with prejudice, should the Debtor fail to pay the Lender in full on account of its allowed claim(s) on or before November 20, 2013 (the "Deadline");

WHEREAS, on August 16, 2013, an Order was entered establishing the deadline for filing proofs of claim as October 14, 2013 [docket item 42];

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the Parties, which when "*So-Ordered*" by the Bankruptcy Court, shall constitute an Order of the Bankruptcy Court as follows:

1.      The foregoing recitals are incorporated herein by reference.

2. The Debtor shall pay the Lender in full on account of its allowed claim(s) on or before the Deadline.

3. In the event that the Debtor fails to pay the Lender on or before the Deadline, the Lender may ~~submit~~ ***settle*** an Order ***on the Debtor and the Debtor's Counsel, with one week's notice, (CEC)*** ~~to this Court, immediately~~ terminating the automatic stay.

4. In addition, should the Debtor fail to pay the Lender on or before the Deadline, the UST may ~~submit~~ ***settle*** an Order ***on the Debtor and the Debtor's Counsel, with one week's notice, (CEC)***~~to this Court~~, dismissing this case with prejudice.

5. The Lender shall serve a copy of this entered Order on all creditors identified on the Court's creditor matrix affiliated with this case.

6. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Stipulation.

7. This Stipulation may be executed in one or more counterparts and by facsimile or e-mail, all of which shall be considered one single integrated agreement, and shall become effective on the date that (a) one or more such counterparts have been signed by each of the Parties and delivered to all Parties and (b) this Stipulation becomes a final, non-appealable order as approved by the Bankruptcy Court.

8. The undersigned hereby certify that they are duly authorized to execute this Stipulation, and agree on behalf of their respective clients, to the form substance and entry of this Stipulation.

Dated: New York, New York
         October 9, 2013

STIPULATED AND AGREED:

| Kriss & Feuerstein, LLP<br>*Attorneys for FTBK Investor LLC, as Trustee for NY Brooklyn Investor Trust 5* | Kera & Graubard<br>*Attorneys for the Debtor* |
|---|---|
| By: *s/ Jason Leibowitz* 10/9/13<br>    Jason Leibowitz, Esq.<br>    360 Lexington Avenue, Suite 1200<br>    New York, New York 10017<br>    (212) 661-2900<br>    (646) 454-4168 - facsimile<br>    jleibowitz@kandfllp.com | By: *s/ David Graubard* 10/8/13<br>    M. David Graubard, Esq.<br>    240 Madison Avenue, 7th floor<br>    New York, NY 10016-2820<br>    (212) 681-1600<br>    (212) 681-1601 - facsimile<br>    dgraubard@keragraubard.com |

Office of the United States Trustee
*Counsel to the United States Trustee*

By: *s/ Marylou Martin* 9/4/13
    Marylou Martin
    271 Cadman Plaza East, Suite 4529
    Brooklyn, NY 11201
    (718) 422-4960
    (718) 422-4990 - facsimile
    marylou.martin@usdoj.gov

    *So Ordered*



**Dated: Brooklyn, New York**
    **October 25, 2013**

                                                                            **Carla E. Craig**
                                                                       **United States Bankruptcy Judge**