UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

234 8th St. Corp.,

                Debtor.

-----------------------------------------------------------x

Chapter 11

Case No. 1: 13-42244-cec

Hon. Carla E. Craig
United States Bankruptcy Judge

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

FTBK Investor LLC, As Trustee for NY Brooklyn Investor Trust 5 (the "Lender"), a secured creditor and interested party of the above-captioned debtor, 234 8th St. Corp., (the "Debtor"), by and through its attorneys, Kriss & Feuerstein LLP, having moved before this Court for the entry of an Order granting the Lender relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(3) (the "Lender's Motion"), represents and respectfully states as follows:

WHEREAS, on April 17, 2013 (the "Petition Date"), the Debtor commenced a voluntary case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), which indicated that the Debtor is Single Asset Real Estate as defined in 11 U.S.C. § 101(51B);

WHEREAS, the Debtor failed to: (i) commence making payments to the Lender, (ii) file a plan of reorganization within ninety (90) days from the Petition Date, or (iii) secure an Order extending the time to comply with the requirements of 11 U.S.C. § 362(d)(3) by Tuesday, July 16, 2013;

WHEREAS, on July 23, 2013, the Lender moved this Court for relief from the automatic stay (the "Motion") [docket item 23];

WHEREAS, on July 25, 2013, the Debtor filed a Chapter 11 Plan [docket item 26] and Disclosure Statement [docket item 27];

WHEREAS, on July 26, 2013, the Debtor file Opposition to the Motion [docket item 29], and thereafter a Supplemental Affirmation in Opposition [docket item 31] (collectively, the "Opposition");

WHEREAS, on August 13, 2013, the Lender filed a Reply in Further Support of the Motion (the "Reply") [docket item 39];

WHEREAS, on August 14, 2013, a hearing on the Motion was held, and at which hearing, the Lender, the Debtor and the Office of the United States Trustee ("UST") appeared and consensually agreed upon terms which will serve to (i) conditionally terminate the automatic stay and (ii) provide a mechanism for dismissing this case with prejudice, should the Debtor fail to pay the Lender in full on account of its allowed claim(s) on or before November 20, 2013 (the "Deadline");

WHEREAS, on August 16, 2013, an Order was entered establishing the deadline for filing proofs of claim as October 14, 2013 [docket item 42];

WHEREAS, on October 11, 2013, the Lender filed its proof of claim in the Court's Claims Register as Claim No. 7-1 (the "Lender's Claim").

WHEREAS, on October 25, 2013 this Court *So Ordered* a *Stipulation and Order Conditionally Terminating the Automatic Stay and Providing for Dismissal of this Case with Prejudice* [docket item 25] (the "Stipulation"), between the Lender, the Debtor and the UST, which provided, *inter alia,* that in the event that the Debtor failed to pay the Lender on account of the Lender's Claim, on or before the Deadline, the Lender may

settle an Order on the Debtor and the Debtor's Counsel, with one week's notice, terminating the automatic stay.

WHEREAS, the Debtor failed to pay the Lender on account of the Lender's Claim, on or before the Deadline.

NOW, THEREFORE, IT IS HEREBY

ORDERED, that the automatic stay imposed in this Chapter 11 case pursuant to 11 U.S.C. § 362(a) is hereby terminated, in accordance with the terms and conditions of the Stipulation, as necessary to permit the Lender, its successors and/or assigns, to exercise all rights available to it under applicable law with respect to the real property of the Debtor, commonly known as 234 8th Street, Brooklyn, New York (Block 1004: Lot 16), and to permit the Lender, its successors and/or assigns, to take any other legal action necessary to enforce its rights in connection with the underlying loan documents as referenced in the Lender's Motion, whether at law or in equity; and it is further

ORDERED, that the fourteen (14) day stay imposed by Fed. R. Bankr. P. 4001(a)(3) be, and is hereby waived.



Dated: Brooklyn, New York
December 13, 2013

_____
Carla E. Craig
United States Bankruptcy Judge